UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>UNLOCKD MEDIA, INC.,<br><br>　　　　　　　Debtor.<br><br>Tax I.D. No. XX-XXX2901 | Chapter 11<br><br>Case No. 18-13243 (JLG) |
| In re:<br><br>UNLOCKD OPERATIONS US INC.,<br><br>　　　　　　　Debtor.<br><br>Tax I.D. No. XX-XXX878 | Chapter 11<br><br>Case No. 18-13248 (JLG) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
VERNON CONSULTING, INC., AS ACCOUNTANT AND FINANCIAL ADVISOR
TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), for entry of an order, pursuant to bankruptcy Code sections 327(a) and 328, bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 authorizing the employment and retention of Vernon Consulting, Inc. ("**VCI**") as financial advisor and accountant for the Debtors; and the Court having reviewed the Application and the Patt Declaration, that VCI does not hold or represent any interest adverse to the Debtors or their estates, that it is a "disinterested person" as the term is defined in Bankruptcy Code section 101(14); and that its employment is necessary and in the best interest of the Debtors' estate, creditors, and other parties in interest; and due and sufficient notice of the Application having been given under the particular

circumstances; and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED to the extent set forth herein.

2. Pursuant to Bankruptcy Code section 327(a), the Debtors, as debtors and debtors-in-possession, are authorized to employ VCI as their financial advisor and accountant, effective as of the Petition Date, upon the terms and for the purposes set forth in the Application and the Engagement Agreement and to perform the professional services set forth in the Application and the Engagement Agreement.

3. To the extent the Application or Engagement Agreement are inconsistent with this Order, the terms of this Order shall govern.

4. VCI shall be compensated for fees and reimbursed for reasonable and necessary expenses only upon approval of an application pursuant to sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, the Local Rules and fee and expense guidelines, and any orders of this Court.

6. At least ten business days before implementing any increase in the rates of VCI's professionals providing services in this case, VCI shall file and serve on the United States Trustee and any official committee a supplemental affidavit providing justification for any such rate increases and stating whether the Debtor has agreed to them. All parties in interest retain the right to object to any rate increase on any grounds.

7. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

8.     The court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

9.     Notwithstanding any provision to the contrary in the Engagement Agreement, any dispute relating to the services provided by VCI shall be heard by this Court.

10.    Notwithstanding anything in the Application or the Engagement Agreement to the contrary, VCI shall (i) to the extent that VCI uses the services of independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, VCI shall ~~pass-through~~ **invoice [JLG]** the cost of such Contractors to the Debtors at the same rate that VCI pays the Contractors; (ii) seek reimbursement for actual costs only **Pursuant to sections 330 or 331 of the Bankruptcy Code, as applicable [JLG]**; and (iii) ensure that the Contractors are subject to the same conflict checks as required for VCI and (iv) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

11.    Notwithstanding anything to the contrary in the Engagement Agreement, the indemnification provisions are hereby modified and restated in its entirety as follows:

All requests of VCI for payment of indemnity pursuant to the Engagement Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review **and approval [JLG]** by the Court. ~~to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that.~~ **[JLG]** In no event shall VCI be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or wilful misconduct.

In the event that VCI seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by VCI for payment of indemnity pursuant to the Engagement

3

Agreement, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in VCI's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

VCI shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of VCI's counsel other than those incurred in connection with a request of VCI for payment of indemnity.

Dated: January 3, 2019
       New York, New York

/s/ *James L. Garrity, Jr.*
UNITED STATES BANKRUPTCY JUDGE

No Objection by the United States Trustee

*/s/ Benjamin J. Higgins*

By Benjamin J. Higgins

4