UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

UNLOCKD OPERATIONS US, INC.,

Debtor.

Case No. 18-13243-JLG

STIPULATION FOR STAY RELIEF

SILICON VALLEY BANK ("**Bank**") and UNLOCKD OPERATIONS US, INC. (the "**Debtor**"), by and through their respective undersigned counsel, hereby enter into this Stipulation for Stay Relief (this "**Stipulation**") to (a) permit Bank to debit pledged cash collateral to repay in full all obligations owed by Debtor to Bank pursuant to a secured business credit card facility, and (b) permit Debtor to receive all remaining cash collateral currently on deposit with Bank for use in connection with this proceeding.

**BACKGROUND**

1. Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. 101 et seq. (the "**Bankruptcy Code**") on or about October 26, 2018 (the "**Petition Date**").

2. Prior to the Petition Date, Bank and Debtor entered into a certain business credit card arrangement (the "**Card Arrangements**") pursuant to which Bank extended credit and provided business credit cards to the Debtor.

3. Pursuant to the Card Arrangements, the Debtor is obligated to repay the Bank for all amounts advanced by Bank under the Card Arrangements, and for all charges, fees and expenses incurred by the Bank in connection therewith.

4. To secure the Debtor's obligations under the Card Arrangements, the Debtor pledged to the Bank cash collateral, which is held in deposit accounts in the Debtor's name at the Bank (collectively, the "**Deposit Accounts**" and, each individually, a "**Deposit Account**"). As of the Petition Date, the Deposit Accounts had an aggregate balance of approximately $54,500.00.

5. As of the date hereof, the Debtor owes Bank approximately $14,500.00 pursuant to the Card Arrangements, plus late charges, attorneys' fees and expenses. Subject to the Court's approval of this Stipulation, Bank agrees that the aggregate amounts owed by the Debtor pursuant to the Card Arrangements shall not exceed $20,000.00 (collectively, the "**Bank Claim**").

6. The Debtor and the Bank have agreed that (a) the Deposit Accounts are property of the Debtor's estate (b) the Bank may pay from the Deposit Accounts the full amount of the Bank's Claim, and (c) all funds remaining in the Deposit Accounts after the payment in full of the Bank's Claim shall be promptly remitted by Bank to the Debtor.

7. Accordingly, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Bank and the Debtor hereby stipulate and agree as follows:

**AGREEMENT**

8. <u>Allowed Secured Claim</u>. Bank shall have an allowed secured claim in the amount of the Bank's Claim, which shall not be subject to a challenge, surcharge, or reduction of any kind.

9. <u>Payment of Bank's Claim</u>. Promptly following the Court's approval of this Stipulation, the Bank shall (a) pay from the Deposit Accounts such funds to satisfy in full the Bank's Claim, and within ten (10) business days thereafter: (b) remit all remaining funds in the Deposit Accounts to the debtor-in-possession account of Debtor at the Bank, and (c) provide Debtor with an accounting of Bank's Claim and the amount transferred to Debtor.

10. <u>Closing of Deposit Accounts</u>. Upon the full repayment of the Bank's Claim, and remittance of the remaining funds in the Deposit Accounts to the Debtor as set forth above, the Bank

will close the Deposit Accounts and the Card Arrangements shall be deemed to have terminated, except for any terms under the Card Arrangements that expressly survive the termination thereof.

11. <u>Bankruptcy Court Approval</u>. This Stipulation is subject to the approval of the Court.

12. <u>Relief from Stay</u>. Upon the Court's approval of this Stipulation, to the extent necessary to effectuate the foregoing agreements, the automatic stay shall be modified pursuant to 11 U.S.C. § 362(d) to permit the Bank to exercise its rights against the Deposit Accounts and to apply all proceeds of the Deposit Accounts to the Debtor's obligations to the Bank to the extent permitted hereunder. The fourteen (14) day stay required under Bankruptcy Rule 4001(a)(3) is hereby waived and shall not apply to this Stipulation, which is immediately effective upon the entry of an order approving this Stipulation on the docket.

13. <u>Binding on Successors</u>.  This Stipulation shall be binding upon all successors and assigns of the parties hereto, including without limitation, a Chapter 7 Trustee.

14. <u>Entire Agreement</u>. All of the recitals stated in the Background section above are incorporated by reference as if fully set forth herein. This Stipulation constitutes the entire agreement of the parties. No modification, amendment or waiver of any of the provisions of this Stipulation will be effective unless in writing and signed by the parties hereto

| | |
|---|---|
| UNLOCKD OPERATIONS US, INC.,<br>By its attorneys | SILICON VALLEY BANK,<br>By its attorneys |
| By: s/ Sandra E. Mayerson<br>Sandra E. Mayerson<br>Mayerson & Hartheimer PLLC<br>845 Third Ave., 11th floor<br>New York, NY 10022<br>646-778-4381<br>sandy@mhlaw-ny.com | By: s/ Alexander G. Rheaume<br>Alexander G. Rheaume<br>MORRISON & FOERSTER LLP<br>200 Clarendon Street<br>Boston, MA 02116<br>617-648-4770<br>arheaume@mofo.com |

Dated: New York, New York
April 15, 2019

So ordered this 18th day of June, 2019:

/s/ *James L. Garrity, Jr.*

The Hon. James L. Garrity, Jr.
United States Bankruptcy Judge

4