Hearing Date: December 11, 2019
Hearing Time: 2:00 p.m.

Objection Deadline: December 4, 2019
5:00 p.m.

**Mayerson & Hartheimer, PLLC**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor
New York, NY 10022
Tel: (646) 778-4382
Fax: (501) 423-8672
sandy@mhlaw-ny.com
david@mhlaw-ny.com

*Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| UNLOCKD MEDIA, INC., et al.,[1] | Case No.  18-13243 (JLG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING FOR MOTION BY DEBTORS FOR ENTRY OF AN ORDER (A) PERMITTING COMBINED PLAN AND DISCLOSURE STATEMENT AND APPROVING SAME ON A PRELIMINARY BASIS, (B) SCHEDULING COMBINED HEARING ON APPROVAL OF DISCLOSURE AND CONFIRMATION OF COMBINED PLAN AND DISCLOSURE STATEMENT, (C) ESTABLISHING PROCEDURES FOR SOLICITATION, AND (D) APPROVING RELATED MATTERS**

**PLEASE TAKE NOTICE** that, pursuant to Sections 105(a) and 1125(f) of title 11 of

the United States Code (11 U.S.C. §§ 101 et seq., the "***Bankruptcy Code***"), Rules 2002, 3003,

3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy***

***Rules***") and Rule 3017-1 of the Local Bankruptcy Rules for the United States Bankruptcy

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers are: Unlockd Media, Inc., Tax Id No. XX-XX2901 and Unlockd Operations US Inc., Tax Id. No. XX-XX0878

Court for the Southern District of New York (the "*Local Bankruptcy Rules*") and for the reasons set forth in the attached motion (the "*Motion*"), Unlockd Media, Inc. ("*Media*") and Unlockd Operations US Inc., ("*Operations*") (Collectively the "*Debtors*"), will move before the Honorable James L. Garrity, United States Bankruptcy Judge, on December 11, 2019, at 2:00 p.m., or as soon thereafter as counsel may be heard, at the Southern District of New York Bankruptcy Court, 1 Bowling Green, Courtroom 601, New York, NY 10004, for an order (a) permitting a combined plan and disclosure statement and conditionally approving the disclosures in the *Small Business Debtors' Combined Plan of Liquidation and Disclosure Statement* (as may be amended, supplemented or otherwise modified from time to time, the "*Combined Plan and Disclosure Statement*")[2], on an interim basis for solicitation purposes only; (b) scheduling a combined hearing (the "*Combined Hearing*"); (c) establishing procedures for the solicitation, including, among other things, approval of (i) the form of ballots (the "*Ballots*") for submitting votes on the Combined Plan and Disclosure statement, (ii) the deadline for submission of such Ballots, (iii) the proposed solicitation packages to be distributed to creditors for solicitation of votes on the Combined Plan and Disclosure Statement (collectively, the "*Solicitation Package*"), and (iv) certain related relief (collectively, the "*Solicitation Procedures*"); and (d) approving certain additional procedures associated with the Confirmation process and (f) granting such further relief as this Court deems necessary and appropriate.

**PLEASE TAKE FURTHER NOTICE** that an objection to the Motion, if any, should be in writing, and served upon the undersigned counsel, David H. Hartheimer, Mayerson and

---

[2]    Terms not defined herein shall have the meaning ascribed to them in the Combined Plan and Disclosure Statement.

Hartheimer, PLLC, 845 Third Avenue, 11th Floor, New York City, New York, 10022, and filed

with the Bankruptcy Court, with a copy to the Office of the United States Trustee, and two (2)

courtesy copies to Judge Garrity's chambers, so as to be received and filed on or before December

4, 2019, at 5:00 p.m. prevailing Eastern time, in accordance with the Local Rules of the

Bankruptcy Court.

Dated: November 8, 2019
　　　New York, New York

MAYERSON & HARTHEIMER, PLLC

By:　　*/s/ David H. Hartheimer*
　　　David H. Hartheimer, Esq.
　　　Sandra E. Mayerson, Esq.
　　　Mayerson & Hartheimer, PLLC
　　　845 Third Avenue, 11th Floor
　　　New York, NY 10022
　　　Tel: (646) 778-4382
　　　Fax: (646) 778-4384
　　　david@mhlaw-ny.com
　　　sandy@mhlaw-ny.com

　　　*Counsel for Debtors and Debtors in Possession*

**Mayerson & Hartheimer, PLLC.**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor
New York, NY 10022
Tel: (646) 778-4380
Fax: (646) 778-4384
sandy@mhlaw-ny.com
david@mhlaw-ny.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| UNLOCKD MEDIA, INC., et al.,[1] | Case No.  18-13243 (JLG) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) PERMITTING COMBINED
PLAN AND DISCLOSURE STATEMENT AND APPROVING SAME
ON A PRELIMINARY BASIS, (B) SCHEDULING COMBINED HEARING
ON APPROVAL AND CONFIRMATION OF COMBINED PLAN
AND DISCLOSURE STATEMENT, (C) ESTABLISHING PROCEDURES FOR
SOLICITATION, AND (D) APPROVING RELATED MATTERS**

TO: THE HONORABLE JAMES L. GARRITY, JR., U.S. BANKRUPTCY JUDGE

Unlockd Media, Inc. ("***Media***") and Unlockd Operations US Inc., ("***Operations***"),

Debtors and Debtors-in-possession (collectively the "***Debtors***"), by their attorneys, Mayerson

and Hartheimer, PLLC ("***M&H***"), hereby move (this "***Motion***") for entry of an order pursuant

to sections 105(a) and 1125(f) of title 11 of the United States Code (11 U.S.C. §§ 101 et seq.,

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers are: Unlockd Media, Inc., Tax Id No. XX-XX2901 and Unlockd Operations US Inc., Tax Id. No. XX-XX0878

the "**Bankruptcy Code**"), Rules 2002, 3003, 3017, 3018, 3020 and 9006 of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 3017-1 of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York (the

"**Local Bankruptcy Rules**"), (a) permitting filing of a combined plan and disclosure

statement and conditionally approving the disclosures in the *Small Business Debtors'*

*Combined Plan of Liquidation and Disclosure Statement* [Docket No.79] (as may be

amended, supplemented or otherwise modified from time to time, the "**Combined Plan and**

**Disclosure Statement**")[2], on an interim basis for solicitation purposes only; (b) scheduling a

combined hearing on the adequacy of the disclosure and confirmation (the "**Combined**

**Hearing**"); (c) establishing procedures for the solicitation, including, among other things,

approval of the (i) the form of ballots (the "**Ballots**") for submitting votes on the Combined

Plan and Disclosure Statement, (ii) the deadline for submission of such Ballots, (iii) the

proposed solicitation packages to be distributed to creditors for solicitation of votes on the

Combined Plan and Disclosure Statement (collectively, the "**Solicitation Package**"), and (iv)

certain related relief (collectively, the "**Solicitation Procedures**"); and (d) approving certain

additional procedures associated with the Confirmation process. In support hereof the Debtors

respectfully submit the following:

## <u>JURISDICTION AND VENUE</u>

1.     The United States Bankruptcy Court for the Southern District of New York (the

"**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

---

[2]     Terms not defined herein shall have the meaning ascribed to them in the Combined Plan and Disclosure
Statement.

and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are Bankruptcy Code sections 105(a) and 1125(f), 1126 and 1128, Bankruptcy Rules 2002, 3003, 3017, 3018, 3020 and 9006 and Local Bankruptcy Rule 3017-1.

## **BACKGROUND**

3.      On October 26, 2018 (the "***Petition Date***"), the Debtors, as "small business debtor[s]" within the meaning of section 101(51D) of the Bankruptcy Code, filed with this Court two voluntary petitions under chapter 11 of the Bankruptcy Code (these "***Cases***"). As small business debtors, the Debtors are subject to the provisions of the Code that are applicable in a "small business case." *See* section 101(51C) of the Code.

4.      The Debtors have continued in the possession of their assets and the operation of their businesses as debtors-in-possession. No creditors' committee has been appointed in these Cases.

5.      On November 26, 2018, this Court entered an order directing joint administration of these Cases [Docket No.13].

6.      On March 21, 2019, the Debtors filed a motion to extend Debtors' exclusive period of time to file their chapter 11 plans until August 22, 2019 [Docket No. 35] (the "***Debtors' First Motion to Extend Exclusivity***").

3

7.    On April 18, 2019, this Court granted the Debtors' First Motion to Extend

Exclusivity, but rather than extending the Debtors' exclusivity to August 22, 2019, as the

Debtors requested, the Court entered an order extending Debtors' exclusive period to file a

chapter 11 plan and disclosure statement until July 12, 2019 [Docket No. 45] (the "***First***

***Extension Order***").

8.    On June 12, 2019, the Debtors filed a second motion to extend Debtors'

exclusive period of time to file their chapter 11 plans until November 8, 2019 [Docket No. 54]

(the "***Debtors' Second Motion to Extend Exclusivity***").

9.    On July 11, 2019, this Court granted the Debtors' Second Motion to Extend

Exclusivity and entered an order extending debtors' exclusive period to file a chapter 11 plan

and disclosure statement until November 8, 2019, [Docket No. 66] (the "***Second Extension***

***Order***").

10.    On July 16, 2019, this Court entered an order [Docket no. 68] (the "***Bar Date***

***Order***"), which establish certain deadlines (the "***Bar Dates***") for filing proofs of claim against

the Debtors.

## THE COMBINED PLAN AND DISCLOSURE STATEMENT

11.    Contemporaneously herewith, the Debtors have filed the Combined Plan

and Disclosure Statement. The Combined Plan and Disclosure Statement is a liquidating plan

filed in a "small business case" within the meaning of section 101(51d). The Debtors seek to

file a combined plan and disclosure statement, and have a combined hearing in accordance

with section 1125(f) of the Bankruptcy Code.

12.     1125(f) states in pertinent part:

… in a small business case-

(1) the court may determine that the plan itself provides adequate information and that a separate disclosure statement is not necessary;

*   *   *

(3)(a) the court may conditionally approve a disclosure statement subject to final approval after notice and hearing;

(b) acceptance and rejections of a plan may be solicited based on a conditionally approved disclosure statement if the debtor provides adequate information to each holder of a claim or interest that is solicited, but a conditionally approved disclosure statement shall be mailed not later than 25 days before the date of the hearing on confirmation of the plan, and

(c) the hearing on the disclosure statement may be combined with the hearing on confirmation of a plan.

13.     Bankruptcy Rule 3016(b) states:

"[i]n a chapter 9 or 11 case, its disclosure statement under § 1125 of the Code or evidence showing compliance with § 1126(b) shall be filed with the plan or within the time fixed by the court, unless the plan is intended to provide adequate information under § 1125(f)(1). If the plan is intended to provide adequate information under § 1125(f)(1), it shall be so designated and Rule 3017.1 shall apply as if the plan is a disclosure statement.

14.     Bankruptcy Rule 3017.1 states in pertinent part:

**(a) Conditional Approval of Disclosure Statement.** In a small business case, the court may, on application of the plan proponent or on its own initiative, conditionally approved a disclosure statement filed in accordance with Rule 3016. On or before conditional approval of the disclosure statement, the court shall:

(1) fix the time within which the holders of claims and interest may accept or reject the plan;

(2) fix the time for filing objections to the disclosure statement;

(3) fix a date for the hearing on final approval of the disclosure statement to be held if a timely objection is filed; and

5

(4) fix a date for the hearing on confirmation.

**(b) Application of Rule 3017**. Rule 3017(a), (b), (c) and (e) do not apply to a conditionally approved disclosure statement. Rule 3017(d) applies to a conditionally approved disclosure statement, except that conditional approval is considered approval of the disclosure statement for purposes of applying Rule 3017(d).

**(c) Final approval**. **(1) Notice**. Notice of the time fixed for filing objections in the hearing to consider final approval of the disclosure statement shall be given in accordance with Rule 2002 and may be combined with notice of the hearing on confirmation of the plan

15.  The Debtors seek to proceed with a combined plan and disclosure statement because:

(a) the Combined Plan and Disclosure Statement proposes to comply with bankruptcy code section 1129(a)(9);

(b) the Debtors believe that the Combined Plan and Disclosure Statement provides the most efficient means to conclude the Debtors' Cases.

## RELIEF REQUESTED

16.  By this Motion, the Debtors request, among other things, permission to proceed with a combined plan and disclosure statement and entry of an interim approval and procedures Order, (a) approving the Solicitation Procedures, including preliminary approval of the Combined Plan and Disclosure Statement subject to final approval at the Combined Hearing, and (b) certain additional procedures associated with Confirmation of the Combined Plan and Disclosure Statement, including scheduling of the Combined Hearing.

17.    A summary of the proposed key dates the Debtors seek to establish are as follows (the "**_Confirmation Schedule_**"):

| PROPOSED TIMETABLE | |
|---|---|
| **EVENT** | **REQUESTED DATE/TIME[3]** |
| Solicitation Date (last date to send solicitation packages) | One week after entry of the Order regarding this motion. |
| Deadline to Object to Claims for Voting Purposes Only | Ten (10) days prior to Voting Deadline. |
| Voting Deadline | Thirty days after Solicitation Date at 5:00 p.m. |
| Deadline to Object to Final Approval of the Disclosure Statement and Confirmation of the Plan | One week before Combined Hearing at 5:00 p.m. |
| Deadlines for Replies to Objections/brief in Support of Confirmation | Two days before Combined Hearing at 5:00 p.m. |
| Combined Hearing and | At Courts Discretion. |

---

[3]    All times are prevailing Eastern Time.

## BASIS FOR RELIEF

I.    **A COMBINED PLAN AND DISCLOSURE STATEMENT AND INTERIM APPROVAL THEREOF IS APPROPRIATE**

18.    Under 1125(f), in a small business case, the Court may permit a combined plan and disclosure statement. In these Cases, the Debtors wish to proceed with the combined plan and disclosure statement because (a) it is more cost-efficient and the Debtors have highly limited resources; (b) the Combined Plan and Disclosure Statement is a straightforward liquidation with payments in accordance with the priorities of the Bankruptcy Code and can be adequately disclosed in a combined document; and (c) the Debtors have only a small number of highly sophisticated creditors who are well-served by a combined, streamlined document; and the majority of the amount in Claims against the Debtors are held by affiliates of the Debtors and are already well aware of the Debtors' financial condition and potential Causes of Actions. Under the circumstances, Debtors submit that the cost savings of a combined plan and disclosure statement are well justified.

19.    Courts have identified several categories of information which, based on the facts of a particular case, should typically be included in a disclosure statement. See, e.g., In re Scioto Valley Mortg. Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (setting forth a non-exhaustive list of 19 categories of information that may be included in disclosure statement). The Combined Plan and Disclosure Statement contains a number of categories of information that courts consider "adequate information," including: (i) a summary of the classifications and treatment of all Classes of Claims and Equity Interest, and estimated recoveries for Holders of Claims and Equity Interest in particular Classes; (ii) the history of the Debtors' businesses, including the events leading to the commencement of these Chapter 11 cases; (iii)

8

a description of the Debtors' prepetition capital structure and operations; (iv) the procedure for voting on the Combined Plan and Disclosure Statement and (v) the provisions governing Distributions under the Combined Plan and Disclosure Statement.

20.    Section 1125 of the Bankruptcy Code requires a bankruptcy court to approve a written disclosure statement prior to allowing a party to solicit acceptance for a chapter 11 plan. See 11 U.S.C. § 1125(b). To approve the disclosure statement, the court must find that the disclosure statement contains "adequate information," which is defined as "information of a kind, and in sufficient detail,…that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan…" Id. § 1125(a)(1).

21.    The Debtors submit that the Combined Plan and Disclosure Statement contains adequate information. Accordingly, the Debtors request that the Bankruptcy Court approve the Combined Plan and Disclosure Statement: (a) on an interim basis to permit the Debtors to use it in the solicitation process as described herein; and (b) on a final basis at the Combined Hearing as part of the order confirming the Combined Plan and Disclosure Statement.

## II. Requests for the Combined Hearing and Hearing-Related Deadlines

### A.  The Combined Hearing

22.    Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold the hearing on confirmation of a plan" and that [a] party in interest may object to confirmation of the plan." 11 U.S.C. § 1128; see also Fed. R Bankr. P. 3017(c). Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court… may fix a date for the hearing on confirmation." Fed. R Bankr. P. 3017(c). Section 105 of the

Bankruptcy Code expressly authorizes the Bankruptcy Court to "issue an order… that…

provides that the hearing on approval of the disclosure statement may be combined with the

hearing on confirmation of the plan" where the court deems a combined hearing to be

"appropriate to ensure the case is handled expeditiously and economically." See 11

U.S.C.105(d)(2)(B)(vi); see also In re Gulf Coast Oil Corp., 404 B.R. 407, 425 (Bankr. S.D.

Tex. 2009) ("Section 1125(f) authorize combined plans and disclosure statement in small

business cases and § 105(d) authorizes the court to combine them in other cases.)

23.     Consistent with the foregoing, the Debtors respectfully request that the

Bankruptcy Court conduct the Combined Hearing to consider approval and Confirmation of

the Combined Plan and Disclosure Statement and enter an order scheduling the Combined

Hearing as set forth in the preceding table. The Debtors submit that a combined hearing will

streamline and expedite the Confirmation process, which will inure directly to the benefit of

the Debtors' creditors by hastening the implementation of the Combined Plan and Disclosure

Statement and limiting the amount of time the Debtors remain in chapter 11, and reducing

costs. The combined hearing will spare the Debtors from the additional administrative

expense associated with a two-stage process, promote judicial efficiency and economy and

provide an increase in the funds available for the Distribution to Holders of Allowed Claims.

## B.    **The Confirmation Notice**

24.     The Debtors request approval of the Confirmation Notice, substantially in the

form attached hereto as Exhibit A.  Among other things, the Confirmation Notice sets forth (a)

the Combined Hearing date and time; (b) the record date for voting on the Plan; (c) the Voting

Deadline (as defined below); and (d) the Objection Deadline (as defined below). Additionally,

the Confirmation Notice informs parties that the Solicitation Package (excluding Ballots other than replacement Ballots) can be obtained by requesting a copy from M&H.

25.      The Debtors hereby request the Bankruptcy Court find that the Confirmation Notice complies with the requirements of Bankruptcy Rule 2002(b) and (d).

26.      No later than one (1) week after the entry of an order of respect to this Motion by the Bankruptcy Court (the "Solicitation Date"), the Debtors propose to mail or cause to be mailed by first class mail domestically, and by courier service internationally, the Confirmation Notice to (i) all known creditors of the Debtors, as reflected in the Debtors' books and records, (ii) all known equity security holders of the Debtors, as reflected in the Debtors' books and records, (iii) all parties filing a proof of claim in these Cases, and (iv) all other entities required to be served under Bankruptcy Rule 2002 and 3017.

## C.    Objection and Reply Deadlines

27.      Bankruptcy Rule 3020(b)(1) provides upon whom objections to confirmation of a proposed plan must be filed, "within a time fixed by the court." Fed R. Bankr. P. 3020(b)(1).

28.      The Debtors request that the Bankruptcy Court establish that date which is one week before the Combined Hearing **at 5:00 p.m. (prevailing Eastern Time)** as the deadline for filing and serving objections to final approval of the Combined Plan and Disclosure Statement, as well as Confirmation of the Combined Plan and Disclosure Statement (the "***Objection Deadline***"), with replies to such objections by Debtors due two days before the Combined Hearing at 5:00 p.m. prevailing Eastern Time. The Debtors believe

these Objection Deadlines will afford the Bankruptcy Court, the Debtors, and all parties in interest reasonable time to consider the objections, and responses thereto prior to the Combined Hearing. The Debtors request that the Bankruptcy Court consider only timely filed and served objections, and that objections not timely filed and served by the Objection Deadline be overruled.

29.    The Debtors further request that the Bankruptcy Court direct that objections to the final approval of the Combined Plan and Disclosure Statement, if any, (i) be made in writing; (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) state the name and address of the objecting party and the nature and amount of any Claim or Equity Interest asserted by such party against the Debtors, their Estates or properties; (iv) state with particularity the legal and factual basis and nature of any objection to the Combined Plan and Disclosure Statement; and (v) be filed with the Bankruptcy Court, and served on counsel to the Debtors, Mayerson & Hartheimer, PLLC, 845 Third Avenue, 11th Floor, New York, NY 10022, and the Office of the United States Trustee, so as to be received on or before the Objection Deadline.

### D.    <u>Establishment of Record Date</u>

30.    The Debtors request that the Bankruptcy Court set the date of entry of the Order granting this Motion as the record date for determining holders of Claims entitled to vote on the Combined Plan and Disclosure Statement and thus receive the Solicitation Package pursuant to the Solicitations procedure.

### E.   <u>Voting Deadline</u>

31.      Bankruptcy Rule 3017(c) requires the Bankruptcy Court to "fix the time

within which the Holders of Claims and Interest may accept or reject the plan…" Fed R.

Bankr. P. 3017(c). The Debtors request that the Bankruptcy Court fix that date which is 30

days after the Solicitation Date at 5:00 p.m. (prevailing Eastern Time) (the "***Voting***

***Deadline***") as the deadline by which all ballots for accepting or rejecting the Combined Plan

and Disclosure Statement must be received by M&H if they are to be counted. The proposed

Voting Deadline must be ten (10) calendar days before the proposed Combined Hearing. The

Debtors also request that they be permitted, in their sole discretion, to extend the time during

which Ballots will be accepted for any reason from any creditor.

### III.  <u>The Court Should Approve the Solicitation Procedures</u>.

32.      To solicit acceptances or rejections of the Combined Plan and Disclosure

Statement effectively, and consistent with the requirements of the Bankruptcy Code, the

Bankruptcy Rules, the Local Bankruptcy Rules, and due process, the Debtors seek approval of

the solicitation procedures as set forth herein. The solicitation procedures will allow the

Debtors to distribute the solicitation materials and tabulate acceptance of the Plan and

Disclosure Statement effectively and efficiently.

### A.   <u>Contents of the Solicitation Package</u>

33.      The Combined Plan and Disclosure Statement contemplates that

Holders of Allowed Claims and Interests will be entitled to vote on the Combined Plan and

Disclosure Statement. The Debtors propose to distribute to Holders of Allowed Claims and Interest a solicitation package (the "***Solicitation Package***") containing the following:

- the Confirmation Notice;

- the Combined Plan and Disclosure Statement;

- a copy of the order approving this Motion (without exhibits) as entered by the Bankruptcy Court;

- a Ballot for accepting or rejecting the Combined Plan and Disclosure Statement;

- a copy of IRS Form W-9;

- a pre-addressed return envelope; and

- such other material as the Bankruptcy Court may direct or approve.

**B.  Form of Ballot**

34.    The Debtor's propose to use official form 315 as Ballots for all Holders of Allowed Claims and Interest.

**NOTICE**

35.    Notice of this Motion shall be given to: (a) the U.S. Trustee; (b) all parties requesting notice in these Cases pursuant to Bankruptcy Rule 2002; (c) all scheduled creditors and (d) all parties that filed a Proofs of Claim.   In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## <u>NO PRIOR REQUEST</u>

36.     No prior motion for the relief requested herein has been made to the

Bankruptcy Court or any other court.

Wherefore, for the reasons stated herein, the Debtors respectfully request that

the Bankruptcy Court (i) grant the relief requested herein and (ii) grant the Debtors such other

further relief as the Bankruptcy Court deems just and proper.

dated: November 8, 2019
        New York, New York

MAYERSON & HARTHEIMER, PLLC

by:  */s/ David H. Hartheimer*
        David H. Hartheimer, Esq.
        Sandra E. Mayerson, Esq.
        Mayerson & Hartheimer, PLLC
        845 Third Avenue, 11th Floor
        New York, Ny 10022
        Tel: (646) 778-4380
        fax: (646) 778-4384
        david@mhlaw-ny.com
        sandy@mhlaw-ny.com

        *Counsel for Debtors and Debtors
        in Possession*

15

# **EXHIBIT A**

Hearing Date: _____

Objection Deadline: _____

**Mayerson & Hartheimer, PLLC**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11ᵗʰ Floor
New York, NY 10022
Tel: (646) 778-4382
Fax: (501) 423-8672
sandy@mhlaw-ny.com
david@mhlaw-ny.com

*Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| UNLOCKD MEDIA, INC., et al.,[1] | Case No.  18-13243 (JLG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ORDER (A) PERMITTING COMBINED PLAN AND DISCLOSURE
STATEMENT AND APPROVING SAME ON A PRELIMINARY BASIS, (B)
SCHEDULING COMBINED HEARING ON APPROVAL OF DISCLOSURE AND
CONFIRMATION OF COMBINED PLAN AND DISCLOSURE STATEMENT, (C)
ESTABLISHING PROCEDURES FOR SOLICITATION,
AND (D) APPROVING RELATED MATTERS**

> **YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED
> PLAN AND DISCLOSURE STATEMENT, INCLUDING THE TERMS OF THE
> RELEASE, EXCULPATION, INJUNCTION AND BAR PROVISIONS, AS YOUR
> RIGHTS MIGHT BE AFFECTED.**

**BY ORDER OF THE COURT, TO ALL PARTIES IN INTEREST, PLEASE TAKE
NOTICE THAT:**

1.  **Filing of the Combined Plan and Disclosure Statement.** On November 8, 2019, the debtors
    and debtors-in-possession in the above captioned cases (the "***Debtors***") filed *the Small
    Business Debtors' Combined Plan of Liquidation and Disclosure Statement,* [Docket No.79],
    (as may be amended supplemented or otherwise modified from time to time, the "***Combined***

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
numbers are: Unlockd Media, Inc., Tax Id No. XX-XX2901 and Unlockd Operations US Inc., Tax Id. No. XX-
XX0878

*Plan and Disclosure Statement*") with the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***").[2]

2.  **Interim Bankruptcy Court Approval of the Disclosure Statement and the Notice Procedures**. On December [_____], 2019, the Bankruptcy Court entered the *Order (A) Permitting Combined Plan and Disclosure Statement and Approving Same on a Preliminary Basis, (B) Scheduling Combined Hearing on Approval of Disclosure and Confirmation of Combined Plan and Disclosure Statement, (C) Establishing Procedures for Solicitation of Combined Plan and Disclosure Statement and (D) Approving Related Matters* [Docket No. [____] (the "***Interim Approval and Procedures Order***") which approves, among other things, the Combined Plan and Disclosure Statement on an interim basis, as permitted under 11 U.S.C. § 1125(f), and authorizes the Debtors to provide notice of their intent to seek final approval of the Combined Plan and Disclosure Statement pursuant to certain procedures set forth herein.

3.  **The Combined Hearing.**  Pursuant to the Interim Approval and Procedures Order, a combined hearing on final approval of disclosure and Confirmation of the Combined Plan and Disclosure Statement (the "***Combined Hearing***") will be held before the Honorable James L. Garrity, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 1 Bowling Green, Courtroom 601, New York, NY 10004, on [____], 2020, or as soon thereafter as counsel can be heard, to consider the entry of an Order confirming the Combined Plan and Disclosure Statement within the meaning of section 1129 of title 11 of the United States Code (11 U.S.C. §§ *et. seq.,* the "***Bankruptcy Code***"). The Combined Hearing may be continued from time to time by way of announcement or such continuance in open court, without further notice to parties in interest.

4.  **Objections to Final Approval of Disclosure and Confirmation of the Combined Plan and Disclosure Statement.**  Any responses or objections to final approval of the disclosure and/or Confirmation of the Combined Plan and Disclosure Statement ("***Objection***") must be (i) made in writing; (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) state the name and address of the objecting party and the nature and amount of any Claim or Equity Interest asserted by such party against the Debtors, their Estates or property; (iv) state with particularity the legal and factual basis and nature of any objection to the disclosure and/or the confirmation of the Combined Plan and Disclosure Statement; and (v) be filed with the Bankruptcy Court and served so as to be received on or before 5:00 p.m. (prevailing Eastern Time) on [_____], 2020 (the "***Objection Deadline***") by counsel to the Debtors, Mayerson & Hartheimer, PLLC, 845 Third Avenue, 11th Floor, New York, NY 10022, with a copy to the Office of the United States Trustee. Any party-in-interest in these Chapter 11 Cases may object to final approval of the disclosure and/or Confirmation of the Combined Plan and Disclosure Statement, even if such Person or Entity is not eligible to vote on the Combined Plan and Disclosure Statement. Objections that are not timely filed by the Objection Deadline shall not be considered by the Bankruptcy Court and shall be overruled.

5.  **Voting Procedures.**  Holders of Allowed Claims and Interests are entitled to vote to accept or reject the Combined Plan and Disclosure Statement. You will receive the Solicitation Package

---

[2]     Terms not defined herein shall have the meaning ascribed to them in the Combined Plan and Disclosure Statement.

2

containing a Ballot and the following (i) this Notice; (ii) a copy of the Combined Plan and Disclosure Statement; (iii) a copy of the Interim Approval and Procedures Order (without exhibits) as entered by the Bankruptcy Court; (iv) a copy of IRS Form W-9; (v) a preaddressed return envelope, and (vi) such other materials as the Bankruptcy Court may direct or approve. If you hold an Allowed Claim and/or Interest and do not receive a Solicitation Package, contact David H. Hartheimer, Esq. at Mayerson & Hartheimer, PLLC, 845 3rd Ave., 11th floor, New York, NY 10022, david@mhlaw-ny.com, 646-778-4382.

6.  **Voting Deadline.**  The deadline to vote on the Combined Plan and Disclosure Statement is [_____], 2020 at 5:00 p.m. (prevailing Eastern Time) (the "***Voting Deadline***"). Please review carefully the Ballot and instructions included therewith for how to complete and submit your vote on the Combined Plan and Disclosure Statement. Failure to follow instructions may disqualify your vote.

7.  **Record Date.**  The record date for determining Holders of Allowed Claims and Interests entitled to vote on the Combined Plan and Disclosure Statement and thus receiving the Solicitation Package pursuant to the Solicitations Procedures is [_____], 20__ at 5:00 p.m. (prevailing Eastern Time).

8.  **Further Modifications of Combined Plan and Disclosure Statement.**  The Combined Plan and Disclosure Statement may be further modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during or as a result of the Combined Hearing, without further notice to parties in interest.

9.  **Rejection of Executory Contracts and Unexpired Leases.**  Executory Contracts and Unexpired Leases are deemed rejected under the Combined Plan and Disclosure Statement, except to the extent that such Executory Contract or Unexpired Leases: (a) was assumed or rejected previously by the Debtor; (b) previously expired or terminated pursuant to its own terms, or (c) is the subject of a motion to assume Filed on or before the Effective Date of the Combined Plan and Disclosure Statement (the "Rejection Exceptions").

10. **Releases, Exculpation, Injunction and Bar Provisions in the Combined Plan and Disclosure Statement.** Article 12 of the Combined Plan and Disclosure Statement contained certain releases, exculpation, injunction and bar provisions. These provisions may materially affect your rights. Please review carefully**.** They are reprinted below:

**Exculpation**

**Except for any Claims and Causes of Action for actual fraud, gross negligence or willful misconduct as determined by Final Order of a court of competent jurisdiction, the Exculpated Parties shall not have or incur any liability to any Person or entity, including any Holder of a Claim or Equity Interest and such Holder of a Claim or Equity Interests shall have no right of action against the Exculpated Parties, for any act or omission taken or not taken in connection with, relating to, or arising out of (i) the Filing of the Chapter 11 Cases; (ii) the Chapter 11 Cases, (iii) the prosecution or settlement of Claims and Causes; (iv) the performance, assumption, assignment, termination, or rejection of Executory Contracts and Unexpired Leases; (v) the sale of the Debtors' assets pursuant to section 363 of the Bankruptcy**

3

Code; (vi) the negotiation and filing of this Combined Plan and Disclosure Statement; (vii) the pursuit of confirmation of this Combined Plan and Disclosure Statement; (viii) the consummation of this Combined Plan and Disclosure Statement; (ix) the administration of this Combined Plan and Disclosure Statement; or (x) the Distribution of property under this Combined Plan and Disclosure Statement. Nothing herein shall preclude the Exculpated Parties from asserting as a defense to any claim of actual fraud, gross negligence or willful misconduct that he or she reasonably relied upon the advice of counsel with respect to his or her duties and responsibilities under the Combined Plan and Disclosure Statement or otherwise.

## Releases by the Debtors

Except for any Claims and Causes of Action for actual fraud, gross negligence or willful misconduct as determined by Final Order of a court of competent jurisdiction, on the Effective Date of the Combined Plan and Disclosure Statement, for good and valuable consideration, the adequacy of which is hereby confirmed, the Released Parties shall be expressly and are hereby unconditionally, generally and individually and collectively released, acquitted and discharged by the Debtors and their Estates and any Persons or Entity seeking to exercise the rights of the Debtors' estates, including without limitation, any successor to the Debtors, any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, whether pursuing an action derivatively or otherwise, from any and all Causes of Action, claims, obligations, rights, suits, damages, causes, judgments, debts, remedies and liabilities whatsoever, whether asserted or that could be asserted, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing as of the effective date or hereinafter arising in law, equity, contract, tort or otherwise, by statute or otherwise, based on or relating to, or in any manner arising from, in whole or in part, (i) the Debtors, (ii) the Chapter 11 Cases, (iii) the subject matter of, or the transactions or events given rise to any Claim or Equity Interest that is treated in this Combined Plan and Disclosure Statement or the property to be Distributed under this Combined Plan and Disclosure Statement, (iv) the business or contractual arrangements between the Debtors and any release party, (v) the negotiation, formulation or preparation of the Combined Plan and performance, assumption, assignment, termination, or rejection of the Executory Contracts and Unexpired Leases, (vi) the sale of the Debtors' Assets pursuant to section 363 of the Bankruptcy Code or (vii) any other act or omission, transaction, agreement, event or other occurrence related to the Debtors taking place on or before the Effective Date of this Combined Plan and Disclosure Statement.

## Injunction

Except as expressly otherwise provided in the Combined Planning Disclosure Statement or in an Order of the Bankruptcy Court, on the Effective Date of the Combined Plan and Disclosure Statement, all Entities or persons that hold, have held or may hold or have asserted, assert or may assert Claims against or Equity Interest in the Debtors and their Estates shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any of the Debtors, the Post-Effective Date Debtors, their Estates or any of their property, whether directly or indirectly, derivatively or otherwise, on account of war based on the subject matter of such Claims or

4

**Equity Interest: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any manner, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contribution from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Person or Entity released under this Combined Plan and Disclosure Statement, except with respect to any right of setoff asserted prior to the entry of the Confirmation Order, whether asserted in a Proof of Claim or otherwise, or as otherwise contemplated or allowed by the Combined Plan and Disclosure Statement; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Combined Plan and Disclosure Statement or the Confirmation Order.**

11. **Directions to Obtain Documents.** The Combined Plan and Disclosure Statement and Solicitation Package (excluding Ballots, other than replacement Ballots) can be obtained from Debtors' counsel, Mayerson & Hartheimer, PLLC, by request by (i) email at lawyers@mhlaw-ny.com; (ii) mail at 845 Third Avenue, 11th Floor, New York, NY 10022 or (iii) telephone at (646)-778-4382.

12. **Inquiries about this Notice.** If you have any questions regarding this Notice, you should contact Debtors' counsel, Mayerson & Hartheimer, PLLC, by the methods set forth in paragraph 11 above.

13. **Inconsistencies.** To the extent there is any inconsistencies between this Notice and the Combined Plan and Disclosure Statement or the Interim Approval and Procedure Order, the provisions of the Combined Plan and Disclosure Statement or the Interim Approval and Procedure Order, as applicable shall govern.

Dated: December __, 2019
      New York, New York

MAYERSON & HARTHEIMER, PLLC

By:    */s/ draft_____*
      David H. Hartheimer, Esq.
      Sandra E. Mayerson, Esq.
      Mayerson & Hartheimer, PLLC
      845 Third Avenue, 11th Floor
      New York, NY 10022
      Tel: (646) 778-4382
      Fax: (646) 778-4384
      david@mhlaw-ny.com
      sandy@mhlaw-ny.com

*Counsel for Debtors and Debtors in Possession*